GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213)625-3900
FACSIMILE (213)625-1600

MARK GERAGOS      SBN 108325
Attorneys for Defendant Jirair Avanessian

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.  CR-09-1344-VBF |
|---|---|
| Plaintiff, | DEFENDANT JIRAIR AVENESSIAN'S RENEWED MOTION FOR PRETRIAL RELEASE |
| vs. | Date: March 9, 2010<br>Time: 3:00 pm<br>Place: United States District Court<br>Courtroom 9<br>312 N. Spring Street<br>Los Angeles, CA 90012 |
| JIRAIR AVANESSIAN, et al. | |
| Defendants. | |
| | *Honorable Valerie Baker Fairbanks* |

**INTRODUCTION**

On February 8, 2010, the Court issued an Order (Dkt. # 29) denying Defendant Jirair Avanessian's Motion for Release on Bond pending trial. The Court ordered the ruling without prejudice to Mr. Avanessian's right to renew his Motion. During meet and confer conferences between the Government and Mr. Avanessian's counsel and in recently filed court documents, the Government has made it abundantly clear that there is an ongoing investigation in this case. There are several alleged known and unknown co-defendants and conspirators, at least

1

1  one of which is subject to extradition proceedings which may be a lengthy process.
2  On February 23, 2010, following the Government's recent filings under seal, the
3  Court continued the trial in this matter to June 29, 2010.  In light thereof and in
4  order to preserve the rights guaranteed to Defendant Jirair Avanessian under the
5  United States Constitution, Mr. Avanessian hereby respectfully renews his Motion
6  for Pretrial Release.

## **FACTS**

Jirair Avanessian is a 57-year-old hardworking husband and father. Avanessian has lived in the United States since 1998.  He was granted political asylum from Iran and became a permanent legal resident of the U.S. in March of 2000.  Mr. Avanessian and his family have resided in Glendale, California since coming to the U.S.

Mr. Avanessian lives with his wife in Glendale, California.  He has two adult children.  Also residing in Glendale are Mr. Avanessian's mother, father, and one brother.  Mr. Avanessian's two other brothers live in Oakland, California.  In addition to his immediate family residing in the U.S., Mr. Avanessian also has an extended family of over twenty cousins also residing in the U.S.  Pretrial Services has confirmed the close relationship between Mr. Avanessian and his immediate family, the same family who is willing, ready, and able to pledge the surety required for this Court to secure Defendant's pretrial release.

Mr. Avanessian is self-employed as owner of XVAC Corporation where he buys and sells vacuum-pump related equipment used for coating aluminum on plastic.  Vacuum coating machines are used to coat a wide-range of consumer goods. Mr. Avanessian has used this technology to coat items such as women's hairbrushes, jewelry boxes, tissue dispensers, and picture frames among other consumer goods. Attached hereto as Exhibit "A" are samples of Mr. Avanessian's work. Most of the vacuum-pump parts Mr. Avanessian used in his business can be

purchased from eBay.com and similar Internet sources.

Mr. Avanessian stands charged in a First Superseding Indictment with various counts of violation of 18 U.S.C. § 371 [Conspiracy]; 18 U.S.C. § 554 [Smuggling Goods from the United States]; 18 U.S.C. § 1956(h)(a)(2)(A) [Conspiracy to Launder Money]; 50 U.S.C. §§ 1701-1706 [International Emergency Powers Act]; and 18 U.S.C. § 2 [Aiding and Abetting] by allegedly conspiring and agreeing with others in an international scheme to knowingly and intentionally export, attempt to export and cause the export of vacuum pumps and related equipment from the United States to United Arab Emirates, while knowing that the shipments were intended to reach Iran, a country which is sanctioned under the US-Iran Embargo.

The Government contends that Mr. Avanessian is not only a danger to the community but also to national security. However, nothing could be further from the truth. Mr. Avanessian is not part of a greater conspiracy to harm his adopted homeland where he resides with his family and which granted him asylum. None of the offenses alleged raise a rebuttable presumption that Mr. Avanessian is a flight risk or a danger to the community. Although each of the offenses is a felony, not one of them is considered a violent crime.

## ARGUMENT

**A. MR. AVANESSIAN SHOULD BE RELEASED ON BOND PENDING TRIAL SUBJECT TO REASONABLE CONDITIONS.**

In the Court's Order of February 8, 2010, the Court's denial of pretrial release was issued after considering the factors set forth in the Bail Reform Act of 1984, in particular the requirements of 18 U.S.C. § 3142(b) and U.S.C. § 3142(g):

18 U.S.C. § 3142(b) provides, in relevant part, that:

> "The judicial officer shall order the pretrial release
> of the person on personal recognizance, or upon

>execution of an unsecured appearance bond in an amount specified by the court…unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."

Pursuant to 18 U.S.C. § 3142(c)(B):

>"If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person-- subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community"

In *United States v. Motamedi*, the Ninth Circuit held that, "[i]n determining the applicable standard of review, we bear in mind that federal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail.  Only in rare circumstances should release be denied.  Doubts regarding the propriety should be resolved in favor of the defendant."  767 F.2d 1403, 1405 (9th Cir. 1985) (internal citations omitted).  The Ninth Circuit further held that "[r]elease pending trial is governed by the Bail Reform Act of 1984 which … mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required.  The Fifth and Eight Amendments' prohibitions of

deprivation of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected." *Id.* (internal citations omitted).

Pretrial Services has filed its report with the Court in favor of Mr. Avanessian's pretrial release on a combination of an Appearance Bond and Surety Bond. Pretrial Services also believes that appropriate conditions can be fashioned to ensure the appearance at future court proceedings and the safety of the community. Factors weighing in Mr. Avanessian's favor include no prior criminal history, no history of substance abuse or violence, family ties within the community, and his ability to procure significant monetary bond by the assistance of his family. Mr. Avanessian is willing and ready to comply with any and all terms set forth by the Court and Pretrial Services. The Government's opposition to Mr. Avanessian's pretrial release while unable to proceed to trial due to ongoing investigation and extradition proceedings is fundamentally unfair and in violation of the very core of the United States Constitution.

### B. THE NATURE OF THE OFFENSES CHARGED DOES NOT SUPPORT DETENTION PENDING TRIAL.

18 U.S.C. § 3142(g)(1) directs the Court to take into account the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or if the offense involves a minor victim, a controlled substance, firearm, explosive, or destruction device. In the case at bench, Mr. Avanessian is charged with offenses related to the export and attempt to export vacuum pump equipment used to coat plastic products with aluminum from the United States to Iran via a third country without having first obtained from the Office of Foreign Assets Control authorization for the export, for falsely undervaluing shipments to avoid filing requirements of a Shipper's Export Declaration, for re-labeling the contents of shipments to mask the true contents in

order to avoid detection and interception by the U.S. Customs and Border Control, and for failing to apply for a license to ship the goods to Iran and for money laundering. The offenses charged in the First Superseding Indictment are serious offenses but they are not capital offenses, nor are they *extreme* offenses.

The legislative history clearly establishes that the drastic remedy of detention be reserved for *extreme* cases:

> "There is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions or the prospect of release can reasonably assure the safety of the community or other persons. It is with respect to this limited group of offenders that the courts must be given the power to detain release during trial."

*Senate Report No. 225*, 98th Cong., 1st Sess. 6-7 (1983) printed in 1984 U.S. Code Cong. and Ad. News 3182, 3189 (emphasis added); *see also United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) ("The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention.")

In *United States v. Quinn*, 416 F.Supp.2d 133, 134 (D.D.C. 2006), defendant was charged with offenses in violation of federal laws restricting the export of goods to Iran and conspiring to violate export-control laws promulgated under the International Emergency Economic Powers Act following the trade embargo against Iran. Not only was the defendant in that case granted pretrial release on bond and remained free pending his trial, but he also remained free pending his sentencing after having been convicted by a jury on five counts of willfully violating federal laws restricting the export of goods to Iran and one count of

conspiring to violate export-control laws, and was again granted release on bond pending his appeal after having been sentenced to a term of imprisonment of thirty-nine months. *Id.* at 134-35, 137.

### C. THE WEIGHT OF THE EVIDENCE, 18 U.S.C. § 3142 (g)(2) DOES NOT SUPPORT DETENTION PENDING TRIAL.

In *United States v. Motamendi,* the court held that "the weight of the evidence is the least important of the various factors," when weighing factors in favor or against a pretrial release. 767 F.2d at 1408. However, even if the evidence is strong, that is not sufficient to sustain a detention order:

> "Evidence that defendant committed the … offense with which he is charged, even if very compelling, cannot by itself satisfy the requirement of § 3142(f) that a determination "that no condition or combination of conditions will reasonably assure the safety of any other person in the community" be supported by clear and convincing evidence. Indeed, to find otherwise would also violate the specific directive of §3142 (g)(2), which provides that certain factors – including the history and characteristics of the defendant – be considered by the court in determining whether a particular defendant be detained."

*United States v. Moore*, 607 F.Supp. 489, 498 (N.D.Cal. 1985).

### D. THE GOVERNMENT'S EVIDENCE DOES NOT ESTABLISH THAT MR. AVANESSIAN IS A FLIGHT RISK.

The Government must prove that a defendant would flee by a clear preponderance of the evidence. The Government has not alleged that Mr. Avanessian is dangerous in any way, and its contention that Mr. Avanessian is a flight risk is based on unfounded assumptions about defendant's connections to Iran, the frequency of his e-mail traffic, an Iranian bank account, and the nature of vacuum pump technology.

As noted above, Mr. Avanessian has resided in Glendale, California for the last ten years. His immediate family as well as almost all his relatives reside in the U.S. Mr. Avanessian was granted asylum in the United States and has no intention to move back to Iran, a country that has persecuted him and caused his family severe heartache.

Based on the maintenance of a bank account in Iran with 180,000 rials, the Government argues that Mr. Avanessian is a flight risk if released on bond pending trial. In making this argument against Mr. Avanessina's release, the Government disregards the fact that 180,000 Iranian rials converts to a mere $17.82 in U.S. dollars. (Attached hereto as Exhibit "B" is a currency converter from www.Oanda.com, an external resource link from www.IRS.gov.)

When all the factors are weighed, not only does it not make sense for Mr. Avanessian to flee but there is also nowhere for him to go. Rather, Mr. Avanessian has tremendous incentive to remain in California with his family and face and fight the charges against him. Mr. Avanessian's deep roots in the community, and the availability of substantial assets to secure a bond ensures beyond any doubt that he will remain here to face these charges.

Specifically, Mr. Avanessian proposes to post at least three properties with a total with significant equity to secure a bond for his release.

## E. PRETRIAL DETENTION IS A VIOLATION OF AVANESSIAN'S CONSTITUTIONAL RIGHTS.

Mr. Avanessian would be unduly prejudiced by continued incarceration. The Government is not ready to proceed to trial due to ongoing investigation and pending extradition proceedings. Mr. Avanessian intends to challenge the indictment on several grounds, and the resolution of those complex legal issues likely will postpone his trial date even further. There is no reason to keep Mr. Avanessian incarcerated for months or years while he attempts to work with his counsel and prepare a defense to these non-violent charges from his cell at the Metropolitan Detention Center. It is exceedingly difficult for counsel, his associates and investigator to conduct productive meetings with Mr. Avanessian within the control and confines of the Bureau of Prisons. Due to the sensitive nature of the offenses charged in the Indictment, it is imperative that counsel is able to conduct meetings with Mr. Avanessian in surroundings controlled by counsel and not monitored by the Government.

## **CONCLUSION**

For the foregoing reasons, Mr. Avanessian respectfully requests that this Court concur with Pretrial Services' recommendation for pretrial release pending trial.

Dated: March 1, 2010                    GERAGOS & GERAGOS, APC


    /s/  Mark Geragos                          .
MARK GERAGOS (SBN 108325)
Attorneys for Defendant Jirair Avanessian