GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
PATRICK R. FITZGERALD (SBN 135512)
Assistant United States Attorney
Acting Chief, National Security Section
ROZELLA A. OLIVER (SBN 250488)
ANTHONY J. LEWIS (SBN 231823)
Assistant United States Attorneys
      1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:  (213) 894-4591/2475/1786
      Facsimile:  (213) 894-6436
      E-Mail: patrick.fitzgerald@usdoj.gov
             rozella.oliver@usdoj.gov
             anthony.lewis@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

                 UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,    ) CR No. 09-1344(A)-VBF
                             )
                 Plaintiff,  ) GOVERNMENT'S OPPOSITION TO
                             ) DEFENDANT AVANESSIAN'S RENEWED
            v.               ) MOTION FOR PRETRIAL RELEASE;
                             ) MEMORANDUM OF POINTS AND
JIRAIR AVANESSIAN,           ) AUTHORITIES; EXHIBITS
  aka "Jerry Avanessian,"    )
  aka "Jerry Avanes," and    )
FARHAD MASOUMIAN,            )
  aka "Farhad Ma'sumiyan,"   )
  aka "Farhad Ma'sumian,"    )
  aka "Farhad Masouiman,"    )
  aka "Farhad Masumian,"     )
  aka "Farhad Masumiyan,"    )
AMIRHOSSEIN SAIRAFI,         )
  aka "Amir Hossein          )
Sairafi,"                    )
                             )
                 Defendants. )
───────────────────────────

     Plaintiff United States of America, by and through its

counsel of record the United States Attorney for the Central

District of California, hereby files this Opposition to Defendant
Avanessian's Renewed Motion for Pretrial Release.  Pretrial
detention of defendant Avanessian continues to be appropriate
because no condition or combination of conditions will reasonably
assure the appearance of the defendant at trial and his release
will present a danger to the community.  This Opposition is based
on the attached Memorandum of Points and Authorities, the
attached exhibits and the Government's Opposition to Defendant
Avanessian's Motion for Release on Bond Pending Trial, the files
and records of this case, and any argument or evidence presented
at the hearing on this matter.


DATED: March 3, 2010            Respectfully submitted,

                                GEORGE S. CARDONA
                                Acting United States Attorney

                                CHRISTINE C. EWELL
                                Assistant United States Attorney
                                Chief, Criminal Division


                                _____/s/_____
                                PATRICK R. FITZGERALD
                                ROZELLA A. OLIVER
                                ANTHONY J. LEWIS
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**INTRODUCTION**

Defendant Avanessian has been detained pending trial, and moves the Court again to release him on bond.  This Court previously denied defendant's Motion for Release on Bond Pending Trial on February 8, 2010, finding that the government had proven by a preponderance of the evidence that defendant is a flight risk and by clear and convincing evidence that defendant presents a danger to the community.  (CR 33).

In denying defendant's motion, the Court relied on evidence of defendant's contacts with Iran, including by phone and e-mail, maintaining a bank account, and defendant's travel to Iran.  (Id.).  The Court further noted that defendant faced losing his Lawful Permanent Resident status, that if defendant fled to Iran he would be beyond the reach of United States law, and the allegations in the First Superseding Indictment that defendant received over $500,000 from wire transfers that originated in Iran.  (Id.).

The Court denied defendant's motion without prejudice to defendant's right to renew his motion in the event of relevant new evidence or changed circumstances.  (Id.).  But because defendant cites no new evidence or changed circumstances, there are no new grounds on which to grant defendant's motion.

The government relies on its Opposition to Defendant Avanessian's Motion for Release on Bond Pending Trial to set forth the evidence and arguments for why defendant should remain detained, as well as the factual background and further

1

procedural history of the case.  (CR 31, the "Opposition" or

"Opp.," attached hereto as Exhibit A).  The government addresses

below the points raised in defendant's Renewed Motion for

Pretrial Release (the "Renewed Motion" or "Ren. Mot.").

**II**

**ARGUMENT**

**A.  Defendant is a Flight Risk**

As set forth in the Government's Opposition, defendant has

both the means and the incentive to flee.  Defendant had

extensive e-mail and telephone communication with persons in

Iran, he maintained bank accounts and a store in Iran, he

received hundreds-of-thousands of dollars, or more, from entities

in Iran, and he has traveled there nearly annually since becoming

a Lawful Permanent Resident in 2000.  Furthermore, defendant

stands to lose his Lawful Permanent Resident status if convicted,

and therefore if his choice is between being deported after

conviction and fleeing before, he has a significant incentive to

flee before serving a sentence in prison.

The Court has already considered the family ties and the

sureties that defendant's family members are prepared to offer,

and defendant offers no new information concerning either.  (Ren.

Mot. at 2).  The government is continuing to evaluate whether the

house out of which defendant conducted his XVAC business would be

forfeitable if convicted, and therefore posting it as property

securing a bond for defendant would not be an effective measure

to assure defendant's presence as needed up to and through trial.

Defendant makes a cryptic reference to the government's

recent under seal filings.  (Ren. Mot. at 2).  As is apparent

2

from the public docket, those filings pertain to the extradition request of co-defendant Amirhossein Sairafi, and because they are under seal filings and not in camera, defense counsel was served with a copy of them.

Defendant attaches as an exhibit an approximate conversion of 180,000 Rials to less than $18 in reference to the balance of a bank account in Iran.  (Opp. Exh. D).  The balance on that account statement found on defendant's computer was from June 3, 2008.  Defendant does not offer a current account balance for that account, nor does he indicate whether it is the only account he maintains in Iran, nor does he explain why he concealed it from Pretrial Services.

Defendant asserts that the delay is due to the government's inability to proceed to trial (Ren. Mot. at 5), however the Court inquired of defendant and counsel regarding the trial date on which the parties had agreed at the February 23, 2010 status conference.  Defendant waived his right to proceed to trial before June 29, 2010, and counsel has indicated there were materials in Iran that he may be seeking as a part of his investigation into a defense.  Whatever the time until trial, the same questions remain under 18 U.S.C. § 3142(g), and the Court must determine whether defendant has is a flight risk or a is a danger to the community.

Defendant's Renewed Motion states that Pretrial Services filed a report in favor of pretrial release on bond.  (Ren. Mot. at 5).  Pretrial Services, however, initially recommended pretrial release on bond at defendant's initial appearance before United States Magistrate Judge Victor B. Kenton on January 11,

1 2010, but Pretrial Services then recommended detention at the
2 February 23, 2010 hearing on defendant's motion for pretrial
3 release.  Both this Court and Judge Kenton ordered defendant
4 detained.

5 **B.  Defendant Presents a Danger to the Community**

6       Defendant argues that vacuum coating machines are used to
7 coat a wide range fo consumer goods, such as hairbrushes, jewelry
8 boxes, tissue dispensers, and picture frames.  (Ren. Mot. at 2).
9 First, the ultimate use of the items is not an element of the
10 charged offenses and is not a predicate to defendant's likely
11 sentence under the Guidelines.  Nor does the government need to
12 prove a nefarious use to deport defendant after his conviction.
13 This issue is of marginal relevance to the case.

14       Second, defendant does not apprise the Court of the other
15 possible uses of the equipment he was exporting illegally to
16 Iran.  For example, publicly available materials on the internet
17 show that the part defendant purchased and exported in connection
18 with Count Twenty-Six (EXT556H) has uses in "High Energy
19 Physics," "Lasers," and "Research Laboratories," and the parts
20 defendant purchased and exported in connection with Count Thirty-
21 Seven (OKTA 1000A and OKTA 2000A) have possible applications in
22 "Fusion reactors" and "Space simulation chambers."  (Exhs. B and
23 C (the "A Series")).

24       Defendant's assertion that vacuum-pump parts are used for
25 consumer goods — and his omission of the more advanced
26 technological applications — does not answer the question more
27 salient to the danger presented by defendant's conduct:  what the
28 vacuum-pump parts were being used for and by whom in Iran.  The

4

Executive Order initiating the current sanctions regime against Iran expressly stated that "the actions and policies of the Government of Iran constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States."  See Executive Order 12957 (March 15, 1995). Defendant cannot credibly say that this equipment is simply traded on eBay and is used only to embellish consumer goods.

Furthermore, the crimes with which defendant is charged need not be violent in order for defendant to present a danger to the community such that detention is warranted.  (Ren. Mot. at 3). E.g., United States v. Acevedo-Ramos, 600 F. Supp. 501, 509 (D. Puerto Rico 1984) ("Congress intended that the concern about safety be given a broader construction than merely danger of harm involving physical violence.").

Defendant cites United States v. Quinn, 416 F. Supp. 2d 133 (D.D.C. 2006), a case in which defendant was convicted of violating the International Emergency Economic Powers Act, 50 U.S.C. § 1705 ("IEEPA"), and the Iranian Transactions Regulations, 31 C.F.R. Pt. 560 ("ITR"), to argue that he also should not be detained.  Because the decision determined whether defendant should be released pending appeal, not pending trial, it focused almost exclusively on whether defendant "raises a substantial question of law that is likely to result in reversal or an order for new trial."  Id. at 135 (alteration omitted); see 18 U.S.C. § 3143(b)(1)(B).  Though the same statute is charged in both cases, there was no analysis of the defendant's ability and incentive to flee nor was there any analysis of whether he presented a danger to the community.  As the evidence shows in

1 | this case, defendant Avanessian maintains extensive contacts with
2 | Iran, has significant inventive to flee there, and presents a
3 | danger to the community through his ongoing attempt to procure
4 | vacuum-pump parts even after the search warrant was executed in
5 | April 2009.

6 | Defendant argues again that the equipment could be purchased
7 | on eBay.com or other internet sites.  (Ren. Mot. at 3).
8 | Defendant, however, purchased the technology from manufacturers
9 | directly, and affirmatively misrepresented that he was not
10 | exporting the vacuum-pump parts he was purchasing out of the
11 | United States — and specifically to Iran.  (Opp. Exh. I).

**IV**

**CONCLUSION**

For the reasons set forth herein and in the Government's Opposition, the government respectfully requests that this court order defendant detained pending trial.

DATED: March 3, 2010         Respectfully submitted,

GEORGE S. CARDONA
Acting United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
PATRICK R. FITZGERALD
ROZELLA A. OLIVER
ANTHONY J. LEWIS
Assistant United States Attorneys
Narcotics Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA